IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALEJANDRO AVILA-SALAZAR, | ) | |
| | ) | |
| Petitioner, | ) | NO. 3:23-CV-00189 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| GRADY PERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following filings by pro se Petitioner Alejandro Avila-Salazar, an inmate of the South Central Correctional Facility in Clinton, Tennessee: a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 1); "Petition for Relief Under 28 U.S.C. § 2241 or in the alternative Motion to Hold Proceedings in *Avila-Salazar v. Perry*; No. 3:23-cv-00189 In Abeyance In Order To Allow Petitioner to Exhaust His Newly Initiated State Court Appellate Remedies" (Doc. No. 13); "Motion to Show Cause as to True Current Status of His Pending State Proceedings and Motion to Show Cause as to Unexhausted Claims Petitioner is Attempting to Exhaust In His Pending State Proceedings" (Doc. No. 15); and "Motion to Show Cause and Issue Certified Question of Tennessee Law (Doc. No. 16). Respondent has responded in opposition to each filing. (Doc. Nos. 12, 14, 19, 20). These matters are all ripe before the Court.

A detailed review of the history of Plaintiff's state-court filings is necessary for a full understanding of the current motions before the Court and of the Court's disposition of those motions. The Court will start there.

1

# I. PROCEEDINGS IN STATE COURT

Petitioner and his co-defendant were indicted in the Davidson County Criminal Court on one count of first-degree felony murder and one count of attempted aggravated rape. (Doc. No. 11-1 at PageID 62-65). On September 6, 2006, Petitioner pleaded guilty to an amended charge of second-degree murder and to attempted aggravated rape. (*Id*. at PageID 66-68); *Avila-Salazar v. State*, No. M2008-02120-CCA-R3-PC, 2009 WL 3029604, at *1 (Tenn. Crim. App. Sept. 22, 2009), *perm. app. denied* (Tenn. 2010). Pursuant to the plea agreement, Petitioner was sentenced to forty years on the second-degree murder conviction and to twelve years on the attempted aggravated rape conviction. *Id*. Both sentences were ordered to run concurrently with one hundred percent service required before release. *Id*. At the conclusion of the plea hearing, the trial court accepted Petitioner's guilty plea and sentenced him consistent with the guilty plea agreement. (Doc. No. 11-1 at PageID 69; Doc. No. 11-3 at PageID 210-211). It is undisputed that Judge Mark J. Fishburn signed Petitioner's judgments (one for each conviction) that day, September 6, 2006 (Doc. No. 11-1 at PageID 70-71), and the box for community supervision for life was not checked on Petitioner's attempted aggravated rape judgment. (*Id*. at PageID 71).

Possibly,[1] also on September 6, 2006, Judge Fishburn signed an amended judgment on the attempted aggravated rape conviction to note a sentence of community supervision for life. (*Id*. at

---

[1] This aspect of the procedural history of Petitioner's state-court actions appears to be the subject of disagreement among the parties and, to some degree, the state courts. Respondent points out that all three judgments in Case No. 2005-A-32 (original felony murder, original attempted aggravated rape, and amended attempted aggravated rape—all dated September 6, 2006) were included in the technical record prepared and certified by the Davidson County Criminal Court Clerk's Office for Petitioner's first post-conviction appeal in 2008. (Doc. No. 11-1 at PageID 70-72). Respondent further points out that the three judgments also were included in the technical record prepared and certified by the Davidson County Criminal Court Clerk's Office for Petitioner's first habeas corpus appeal in 2014. (Doc. No. 11-12 at PageID 288-90).

 However, when the Court contacted the Davidson County Criminal Court Clerk's Office for clarification of the docket in Case No. 2005-A-32, staff could not confirm the existence of an amended judgment dated September 6, 2006 by way of the court's electronic docket. Instead, staff could only confirm the existence of an identical document (entitled "Amended Judgment"), bearing the same date, attached to a pro se motion filed by Petitioner on June 27, 2023. Both the motion and purported amended judgment were recently included in Petitioner's technical record sent

2

PageID 72). On this judgment, the handwritten word "Amended" was added to the title of the form, and both "Amended" and "Judgment" were underlined by hand. (Doc. No. 11-1 at PageID 72). The only other difference between this judgment and the original judgment for attempted aggravated rape, both dated September 6, 2006, is that the box is checked for a sentence of community supervision for life on the purported amended judgment.

Petitioner did not file an appeal. On November 8, 2006, Petitioner filed a petition for post-conviction relief, which was later amended by counsel. (Doc. No. 11-1 at PageID 73-85, 100-04). Following an evidentiary hearing, the trial court denied post-conviction relief. (*Id*. at PageID 106-17). In his post-conviction appeal, Petitioner argued that he did not voluntarily and intelligently enter the guilty plea because he received ineffective assistance of trial counsel.[2] *Avila-Salazar*, 2009 WL 3029604, at *3. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, concluding that trial counsel's performance was not deficient and that Petitioner knowingly and voluntarily entered his guilty plea. *Id*. at *4-*5. The Tennessee Supreme Court denied further discretionary review. (Doc. No. 11-11).

On May 12, 2014, Petitioner filed a petition for writ of habeas corpus under Tenn. Code Ann. § 29-21-101 in Davidson County Criminal Court. (Doc. No. 11-12 at PageID 303-12). The State responded to the petition, and the trial court summarily dismissed the petition. (*Id*. at PageID 346-49, 354-57). On appeal, Petitioner argued that the petition should not have been summarily dismissed because his indictments were constitutionally deficient and because his convictions were void due to an out-of-range sentence. *Avila-Salazar v. State*, No. M2014-01665-CCA-R3-HC,

---

to the Tennessee Court of Criminal Appeals when Petitioner appealed the denial of his June 27, 2023 motion by Judge Cynthia Chappell. *See infra* at p. 8.

[2] Petitioner did not bring any claims based on whether the box for lifetime community supervision was checked on the original or purported amended judgment for attempted aggravated rape, nor did the court raise or discuss any such claims.

3

2015 WL 739669, at *4 (Tenn. Crim. App. Feb. 20, 2015) (no perm. app. filed). The Tennessee Court of Criminal Appeals affirmed the trial court's summary dismissal. *Id*. at *7. Petitioner did not file an application for permission to appeal in the Tennessee Supreme Court.

On June 10, 2015, Petitioner filed a second petition for writ of habeas corpus in Wayne County, Tennessee, where he was incarcerated. (Doc. No. 11-17 at PageID 406-16). Petitioner argued that his conviction for attempted aggravated rape was void because the judgment did not include the mandatory provision of community supervision for life and that Petitioner should be permitted to withdraw his plea agreement because the absence of community supervision was a material element of the agreement. *Salazar v. State*, No. M2016-01336-CCA-R3-HC, 2017 WL 2334880, at *1 (Tenn. Crim. App. May 30, 2017), *perm. app. denied* (September 21, 2017). Following an evidentiary hearing, the Wayne County Circuit Court determined that, because the record demonstrated that the illegal sentence was not a material element of the plea agreement, Petitioner was not entitled to withdraw his plea. *Id*. (*See* Doc. No. 11-17 at PageID 467-69). The court concluded that Petitioner's convictions "remain[ed] intact, and he [wa]s not entitled to withdraw his plea of guilty in this matter." *Id*. However, the court also found that the omission of the mandatory community supervision for life sentence on the attempted aggravated rape judgment rendered the attempted aggravated rape conviction void. 2017 WL 2334880, at *1. (*See* Doc. No. 11-17 at PageID 467-68). The court transferred Petitioner's case to the Davidson County Criminal Court for entry of a corrected judgment to reflect the addition of community supervision for life. *Id*. (*See* Doc. No. 11-17 at PageID 468).[3]

---

[3] The Wayne County Circuit Court either was unaware that an amended judgment on the attempted aggravated rape conviction (purportedly) had been entered on the same day as the original judgments (on the felony murder conviction and the attempted aggravated rape conviction) or determined that no such amended judgment existed. The State likewise failed to note or acknowledge the amended judgment, conceding in the State's response to Petitioner's second habeas corpus petition that the attempted aggravated rape sentence was void on its face because "[a]bsent from the judgment is the mandatory condition of community supervision for life." (Doc. No. 11-17 at PageID 449). That neither the Wayne County Circuit Court nor the State mentioned an amended judgment (entered on the same day as the

4

A certified copy of Petitioner's docket from the Davidson County Criminal Court dated May 25, 2023, submitted by Respondent, indicates that no such amendment to the judgment occurred. (*See* Doc. No. 12-1). And as discussed *supra* at page 2 at n.1, the Davidson County Criminal Court Clerk's Office could not confirm on March 21, 2024 that such amendment occurred following the Wayne County Circuit Court decision.[4]

Petitioner appealed the Wayne County court's decision. On appeal, the Tennessee Court of Criminal Appeals affirmed, finding that the trial court had properly (1) denied Petitioner's habeas corpus petition and (2) transferred the case to the convicting court for entry of a corrected judgment adding the condition of community supervision for life. *Avila-Salazar v. State*, No. M2016-01336-CCA-R3-HC, 2017 WL 2334880, at *3 (Tenn. Crim. App. May 30, 2017), *perm. app. denied* (Tenn. Sept. 21, 2017), *cert. denied*, 138 S. Ct. 998 (2018). The appellate court decision rested on the premise that Petitioner's original judgment for attempted aggravated rape did not contain the "X" in the box for lifetime community supervision and that no amended judgment had been entered on the same day as the original judgment. The Tennessee Supreme Court denied further discretionary review. (Doc. No. 11-27).

Petitioner thereafter filed a second petition for post-conviction relief on July 30, 2018 (later amended by counsel), alleging that he received ineffective assistance of counsel and, as a result, his pleas were entered unknowingly and involuntarily. (Doc. No. 11-28 at PageID 644-72, 700-01). Prior to an evidentiary hearing, the State offered to set aside the attempted aggravated rape

---

original judgment) suggests that further investigation into the purported amended judgment of September 6, 2006 is advised.

[4] However, the Tennessee Court of Criminal Appeals stated in a subsequent opinion that, "[a]s ordered, the Davidson County Criminal Court entered an amended judgment for attempted aggravated rape," noting that the amended judgment contained an "X" in the box before "[p]ursuant to [Tennessee] [Code] [Annotated section] 39-13-524 [Petitioner] is sentenced to community supervision for life following sentence expiration." *Avila-Salazar*, 2020 WL 241605, at *2. These discrepancies are concerning.

5

conviction "'basically [as] a courtesy, not a legal requirement'" in an effort to settle the case; however, Petitioner declined this proposed resolution and sought to have both of his convictions set aside and his guilty plea withdrawn. *State v. Avila-Salazar*, No. M2019-01143-CCA-R3-PC, 2020 WL 241605, at *2 (Tenn. Crim. App. Jan. 15, 2020). The court conducted a hearing at which time the parties presented argument on whether both convictions should be set aside. The court dismissed the petition, holding that Petitioner did not meet one of the exceptions under state law that authorizes the filing of a second post-conviction petition. (Doc. No. 11-28 at PageID 708-11).

On appeal, Petitioner argued that the post-conviction court erred by dismissing the petition because it was not a second post-conviction petition and because his guilty pleas were not voluntarily, knowingly, and intelligently entered due to trial counsel's failure to advise him that he would be subjected to community supervision for life on the attempted aggravated rape conviction. *Avila-Salazar*, 2020 WL 241605, at *4. The Tennessee Court of Criminal Appeals held:

> Petitioner was not sentenced to community supervision for life at the time his first petition for post-conviction relief was decided. It would be unreasonable to expect Petitioner to have made the claim he makes in the 2018 Petition—that his guilty pleas were not entered voluntarily, knowingly, or intelligently because counsel was ineffective for failing to advise him that he would be subject to community supervision for life—before he was actually sentenced to community supervision for life, even if he was aware at an earlier date that his sentence was illegal. Petitioner's first meaningful opportunity to seek post-conviction relief on that claim arose when the trial court entered an amended judgment sentencing Petitioner to community supervision for life. Because the amended judgment imposed a new, more punitive sentence, the amended judgment and the original judgment are not a "single judgment" under Tennessee Code Annotated section 40-30-102(c). Therefore, the 2018 Petition was not a second petition for post-conviction relief filed attacking a single judgment.

*Id*. at *5. The court remanded for the trial court to consider his ineffective assistance of counsel claim. *Id*. Like its 2017 decision, this decision rested on the premise that the original judgment for attempted aggravated rape did not contain the "X" in the box for lifetime community

6

supervision and that no amended judgment for attempted aggravated rape was entered on the same day as the original judgment.[5]

On remand, the post-conviction court vacated Petitioner's guilty plea to the attempted aggravated rape charge, but upheld the plea as to second-degree murder conviction. (Doc. No. 11- 34 at PageID 795-98); *Avila-Salazar v. State*, No. M2020-01605-CCA-R3-PC, 2022 WL 1415709, at *5-*6 (Tenn. Crim. App. May 4, 2022), *perm. app. denied* (Tenn. Oct. 19, 2022). On appeal of that decision, Petitioner argued that the trial court erred by not vacating his guilty plea to second-degree murder because the absence of a sentence of community supervision for life in the original judgment was a material component of his overall plea agreement. *Id*. at *6. The State argued that the post-conviction court erred in vacating Petitioner's attempted aggravated rape conviction because Petitioner failed to prove he was prejudiced by trial counsel's alleged failure to advise him that he would be subjected to community supervision for life. *Id*. The Tennessee Court of Criminal Appeals reversed the judgment of the post-conviction court and reinstated the conviction and sentence for attempted aggravated rape, determining that Petitioner failed to show that, but for trial counsel's deficiency, he would not have pled guilty and would have proceeded to trial. *Id*. at *8. The Tennessee Supreme Court denied further discretionary review. (Doc. No. 11-45).

---

[5] Curiously, the appellate court noted: "The amended judgment in the record does not have a stamped filed date, and the 'date of entry' is the same as on the original judgment, September 6, 2006." 2020 WL 241605, at 5. It is possible that the Tennessee Court of Criminal Appeals was referring to the purported amended judgment for attempted aggravated rape that appears to have been entered on the same day as the original judgment. Otherwise, the amended judgment dated September 6, 2006, that appears in some versions—but not others—of the underlying state-court record in Petitioner's case was backdated when entered by the Davidson County Criminal Court after the Wayne County Circuit Court transferred the case. However, the Davidson County Criminal Court Clerk's Office confirms that it would not be the customary practice of that court to backdate judgments unless a *nunc pro tunc* order was entered. The Court has not located a *nunc pro tunc* order in Petitioner's underlying state-court action.

The Court has independently confirmed[6] and Respondent now acknowledges (*see* Doc. No. 19 at PageID 1197 n.2) that Petitioner filed a pro se motion in the Criminal Court for Davidson County, Tennessee, Division VI, on June 27, 2023 ("the June 27, 2023 motion"). (Doc. No. 18-1).

By Order entered on August 14, 2023, Davidson County Criminal Court Judge Cynthia Chappell denied Petitioner's June 27, 2023 motion, finding that 1) Petitioner's request for relief under Tenn. R. Crim. P. 32(f) was untimely and moot; 2) to the extent Petitioner seeks post-conviction relief, the instant motion was a subsequent petition and therefore subject to dismissal; 3) the relief sought by Petitioner did not fall within any of the limited circumstances contemplated by Tenn. Code. Ann. § 40-30-117(a) for re-opening a post-conviction petition; 4) Petitioner raised no new actionable issues, has been given his meaningful opportunity to be heard on this matter, has been heard, and has exhausted his remedies as to this judgment; and 5) Petitioner's request to modify and reduce his sentence under Tenn. R. Crim. P. 25 was untimely. (Doc. No. 18-2). Petitioner has appealed Judge Chappell's ruling to the Tennessee Court of Criminal Appeals, and no ruling has been issued on that appeal yet. (*See* Doc. No. 18-3, 18-4, 18-5 & Public Case Docket).

## II. PROCEEDINGS IN THIS COURT

On March 2, 2023, the Clerk's Office received Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 in relation to the felony murder and attempted aggravated rape convictions.[7] (Doc. No. 1). On March 30, 2023, the Court ordered Respondent to file a response

---

[6] "The Court may 'take judicial notice of entries from its docket or another court's [docket].'" *Overton v. Tennessee*, 590 F. Supp.3d 1087, 1089 n.1 (M.D. Tenn. 2022) (quoting *Cunningham v. Rapid Response Monitoring Serv., Inc.*, 251 F. Supp. 3d 1187, 1191 n.1 (M.D. Tenn. 2017)).

[7] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that the petitioner filed his petition on February 22, 2023, the date he signed the petition (Doc. No. 1 at PageID 24), even though the Clerk of Court received and docketed the petition on March 2, 2023.

to the petition along with the state-court record. (Doc. No. 7 at PageID 41-42). Respondent filed a Notice of Filing Documents with the state-court record attached thereto on May 22, 2023. (Doc. No. 11). Respondent filed an Answer to the habeas petition on May 31, 2023. (Doc. No. 12).

After the Respondent filed his Answer in the instant case, Petitioner filed a motion styled "Petition for Relief Under 28 U.S.C. § 2241 or in the alternative Motion to Hold Proceedings in *Avila-Salazar v. Perry*; No. 3:23-cv-00189 In Abeyance In Order To Allow Petitioner to Exhaust His Newly Initiated State Court Appellate Remedies." (Doc. No. 13). Respondent filed a Response in opposition. (Doc. No. 14).

Petitioner then filed a "Motion to Show Cause as to True Current Status of His Pending State Proceedings and Motion to Show Cause as to Unexhausted Claims Petitioner is Attempting to Exhaust In His Pending State Proceedings" and a "Motion to Show Cause and Motion to Issue Certified Question of Tennessee Law Pursuant to Tenn. Sup. Ct. Rule 23". (Doc. Nos. 15, 16). On December 12, 2023, the Court ordered Respondent to file a response to those motions. (Doc. No. 17). Respondent now has supplemented the state-court record (Doc. No. 18) and responded in opposition to Petitioner's latest motions. (Doc. Nos. 19, 20).

### III. DISPOSITION OF PENDING MOTIONS

After careful review, the Court has determined that each of Petitioner's pending motions raises issues the resolution of which require the Court to resolve, if possible, the apparent confusion about whether and when an amended judgment was entered on Petitioner's 2006 attempted aggravated rape conviction and sentence.

To resolve this confusion and understand its effect(s) on the underlying state-court proceedings as well as the instant federal habeas corpus action, the Court contacted the Davidson County Criminal Court Clerk's Office. The Court was advised that its questions about the state-

9

Case 3:23-cv-00189    Document 21    Filed 03/26/24    Page 9 of 10 PageID #: 1223

court docket cannot be resolved until Petitioner's hard-copy file has been retrieved from archives, if then. The Court has arranged for delivery of the hard-copy file when it is available. Until that hard-copy file has been provided to and reviewed by the Court, the Court will not consider Petitioner's Section 2254 petition or entertain Petitioner's filing of a Section 2241 petition.

Consequently, Petitioner's pending motions (Doc. Nos. 13, 15, 16) are **DENIED WITHOUT PREJUDICE** to be refiled, if appropriate, after the Court reviews the hard-copy file provided by the Davidson County Criminal Court Clerk's Office. A denial without prejudice allows Petitioner the opportunity to refile an identical or similar motion without prohibition or penalty. After the hard-copy file has been received and reviewed in this Court, an Order will enter setting deadlines for Petitioner to file (or refile) any motions he deems necessary.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE