IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEJANDRO AVILA-SALAZAR, #410618, | ) ) ) |
| Petitioner, | ) ) NO. 3:23-CV-00189 |
| v. | ) ) JUDGE CAMPBELL ) MAGISTRATE JUDGE |
| GRADY PERRY, Warden, | ) FRENSLEY ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Compel (Doc. No. 29) by pro se Petitioner Alejandro Avila-Salazar, an inmate of the South Central Correctional Facility in Clifton, Tennessee. Respondent has not responded to the motion. The motion is ripe for review.

Although the Court set forth the procedural history of this case in its Memorandum Opinion and Order entered on March 26, 2024 (*see* Doc. No. 21 at PageID# 1215-23), there have been developments since that time. Those developments are included below.

### I. PROCEDURAL HISTORY

Petitioner and his co-defendant were indicted in the Davidson County Criminal Court on one count of first-degree felony murder and one count of attempted aggravated rape. (Doc. No. 11-1 at PageID 62-65). On September 6, 2006, Petitioner pleaded guilty to an amended charge of second-degree murder and to attempted aggravated rape. (*Id*. at PageID 66-68); *Avila-Salazar v. State*, No. M2008-02120-CCA-R3-PC, 2009 WL 3029604, at *1 (Tenn. Crim. App. Sept. 22, 2009), *perm. app. denied* (Tenn. 2010). Pursuant to the plea agreement, Petitioner was sentenced to forty years on the second-degree murder conviction and to twelve years on the attempted

1

aggravated rape conviction. *Id*. Both sentences were ordered to run concurrently with one hundred percent service required before release. *Id*. At the conclusion of the plea hearing, the trial court accepted Petitioner's guilty plea and sentenced him consistent with the guilty plea agreement. (Doc. No. 11-1 at PageID 69; Doc. No. 11-3 at PageID 210-211). It is undisputed that Judge Mark J. Fishburn signed Petitioner's judgments (one for each conviction) that day, September 6, 2006 (Doc. No. 11-1 at PageID 70-71), and the box for community supervision for life was not checked on Petitioner's attempted aggravated rape judgment. (*Id*. at PageID 71).

What remains disputed is whether, on September 6, 2006 or some other date, Judge Fishburn signed an amended judgment on the attempted aggravated rape conviction to note a sentence of community supervision for life.[1] (*Id*. at PageID 72). According to Respondent, he did. (*See* Doc. No. 12 at PageID 970; Doc. No. 20 at PageID 1205). Respondent asserts that the only substantive difference between the purported amended judgment and the original judgment

---

[1] In his Answer, Respondent represents that, on this purported amended judgment, the handwritten word "Amended" was added to the title of the form, and both "Amended" (handwritten) and "Judgment" (typed) were underlined by hand. Respondent included a copy of the original judgment and the purported amended judgment in the state court record he submitted to the Court. (*See* Doc. No. 11-1 at PageID 70-72).

In his Response in Opposition to Petitioner's Motion to Issue Certified Question of Tennessee Law, Respondent asserts that the purported amended judgment "is bate stamped and appears in the technical record created in 2008 for the purposes of Petitioner's first post-conviction appeal—prior to the two collateral reviews proceedings Petitioner pursued that resulted in amending this already corrected judgment." (Doc. No. 20 at PageID 1205). Respondent further asserts that Petitioner relied on the bate stamps in his most recent motion in Davidson County, whereto he attached the two original judgments and the amended/corrected judgment, to show that these are "copies of the original documents placed in the original Official appellate record[.]" (*Id*. citing Doc. No. 18-1 at PageID 1112 n.1). According to Respondent, "[t]he only technical record this amended/corrected judgment does not appear in was created by Wayne County Clerks Office and the only trial court documents that appear in this technical record were provided by the Petitioner—some of which bear the same bate stamps as shown in the 2008 technical record." (*Id*. citing Doc. No. 11-17 at PageID 421-25).

Respondent maintains that the judgment Petitioner put before Wayne County Circuit Court did not bear a bate stamp and instead bears a "received" file stamp by "Time Computation" which, according to Respondent, is a part of Tennessee Department of Corrections ("TDOC"). (Doc. No. 20 at PageID 1206 n.2 citing Doc. No. 11-17 PageID 421).

The issue of the bate stamp adds further confusion to the already present confusion about the underlying state-court record.

2

for attempted aggravated rape, both dated September 6, 2006, is that the box is checked for a sentence of community supervision for life on the purported amended judgment.

According to Respondent, all three judgments in Case No. 2005-A-32 (original felony murder, original attempted aggravated rape, and amended attempted aggravated rape—all dated September 6, 2006) were included in the technical record prepared and certified by the Davidson County Criminal Court Clerk's Office for Petitioner's first post-conviction appeal in 2008. (Doc. No. 11- 1 at PageID 70-72). Also according to Respondent, the three judgments also were included in the technical record prepared and certified by the Davidson County Criminal Court Clerk's Office for Petitioner's first habeas corpus appeal in 2014. (Doc. No. 11-12 at PageID 288-90).

However, when the Court contacted the Davidson County Criminal Court Clerk's Office for clarification of the docket in Case No. 2005-A-32, staff could not confirm the existence of an amended judgment dated September 6, 2006, by way of the court's electronic docket. Instead, staff could only confirm the existence of an identical document (entitled "Amended Judgment"), bearing the same date, attached to a pro se motion filed by Petitioner on June 27, 2023. Both the motion and purported amended judgment were recently included in Petitioner's technical record sent to the Tennessee Court of Criminal Appeals when Petitioner appealed the denial of his June 27, 2023 motion by Judge Cynthia Chappell.

In its Memorandum Opinion and Order entered on March 26, 2024, the Court determined that, after careful review, each of Petitioner's then-pending motions raised issues the resolution of which require the Court to resolve, if possible, the apparent confusion about whether and when an amended judgment was entered on Petitioner's 2006 attempted aggravated rape conviction and sentence in Davidson County Criminal Court. (Doc. No. 21 at PageID# 1223). To

3

resolve this confusion and understand its effect(s) on the underlying state-court proceedings as well as the instant federal habeas corpus action, the Court arranged with the Davidson County Criminal Court Clerk's Office to review the archived, hard-copy file of Petitioner's underlying state-court criminal action. (*Id*. at PageID# 1224). The Court explained that, until that hard-copy file had been provided to and reviewed by the Court, the Court would not consider Petitioner's Section 2254 petition or entertain Petitioner's filing of a Section 2241 petition. (*Id*.)

The Davidson County Criminal Court Clerk's Office Court provided the archived hardcopy file in a timely manner, and the Court reviewed that file. Based upon that review, the Court found that the purported September 6, 2006 amended judgment with the handwritten word "Amended" inserted before the form title of "Judgment" was not in that file. Notably, in that file the Court discovered yet another (purported) version of an amended judgment dated September 6, 2006, which appears to be a copy of an original document. (*Id*.) At that time the Court had viewed four different (purported) versions of Petitioner's judgment for attempted aggravated rape, all dated September 6, 2006 (one original judgment, the authenticity of which is not disputed, and three versions of an amended judgment, the authenticity of which is unclear). The Court determined that it could not adjudicate the pending federal habeas petition until these factual discrepancies were reconciled. (*Id*. at PageID 1239).

To aid the Court in this reconciling the discrepancies, the Court ordered the Davidson County Criminal Court Clerk ("the CrCC")[2] to retrieve the September 6, 2006 minute book of former Davidson County Criminal Court Judge Mark L. Fishburn for the purpose of determining if an amended judgment was recorded in the minute book for Petitioner's attempted aggravated rape conviction on that date. (*Id*.) The Court further ordered the CrCC to provide a certified copy

---

[2] The Court adopts this acronym to avoid confusion between references to the Davidson County Criminal Court Clerk and references to the Clerk of Court for the Middle District of Tennessee, the latter of which is commonly referred to as "the Clerk" in district court orders.

of the relevant page(s) of the minute book to the Court along with an affidavit attesting to what he or she found. (*Id.*)

The CrCC submitted a certified copy of the relevant pages of the minute book as determined by the Clerk. (Doc. No. 25). Those pages include what the Court has been referring to as the original judgment entered on September 6, 2026 (the judgment on which the box for lifetime community supervision is not checked). No amended judgment was included.

Initially, the CrCC failed to submit the required affidavit, and the Court extended the deadline for submission until May 31, 2024. (Doc. No. 27 at PageID 1252). On June 3, 2024, James A. Sullivan, Director of Trial Courts and Compliance (who is not the CrCC),[3] submitted an Affidavit attesting as follows:

> The certified copies of minutes and judgment, delivered by certified mail (mailed on 4/24/24 and delivered 4/29/24), regarding case number 2005-A-32, defendant Alejandro Avila-Salazar, are true and exact copies of the minutes filed in the appropriate minute book and the original judgment filed in the case file entered by Division VI of the Criminal Court, 20th Judicial District, Nashville and Davidson County on the September 6, 2006 court appearance. Both the minutes and the judgment are appropriately signed by Judge Mark Fishburn. There are no other minute entries or judgments entered in case 2005-A-32 from September 6, 2006.

(Doc. No. 29 at PageID 1253). Mr. Sullivan's affidavit does not address the issue of the purported amended judgment. Thus, at this time there has been no explanation provided by Mr. Sullivan or the CrCC as to why the September 6, 2006, minute book's relevant entry does not match the technical record prepared and certified by the Davidson County Criminal Court Clerk's Office for Petitioner's post-conviction appeal in 2008 or for Petitioner's first habeas corpus appeal in 2014.

---

[3] *See* https://perma.cc/9DYN-HRZE (the Metropolitan Nashville & Davidson County website shows that Howard Gentry is the Criminal Court Clerk).

Thus, the Court remains without explanation why, when previous technical records were sent to the Tennessee Court of Criminal Appeals in 2008 and 2014 containing an amended judgment (with the box for lifetime community supervision checked), neither the minute book entries nor the archived hard-copy file contain the same amended judgment. Indeed, the hard-copy file contains yet another version of an amended judgment. The lack of answers is concerning. Proceeding with the procedural history of the case, one can see how the amended judgment issue surfaces and resurfaces throughout the underlying state-court litigation.

Petitioner did not file a direct appeal of his convictions. On November 8, 2006, Petitioner filed a petition for post-conviction relief, which was later amended by counsel. (Doc. No. 11-1 at PageID 73-85, 100-04). Following an evidentiary hearing, the trial court denied post-conviction relief. (*Id*. at PageID 106-17). In his post-conviction appeal, Petitioner argued that he did not voluntarily and intelligently enter the guilty plea because he received ineffective assistance of trial counsel. *Avila-Salazar*, 2009 WL 3029604, at *3. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, concluding that trial counsel's performance was not deficient and that Petitioner knowingly and voluntarily entered his guilty plea. *Id*. at *4-*5. The Tennessee Supreme Court denied further discretionary review. (Doc. No. 11-11).

On May 12, 2014, Petitioner filed a petition for writ of habeas corpus under Tenn. Code Ann. § 29-21-101 in Davidson County Criminal Court. (Doc. No. 11-12 at PageID 303-12). The State responded to the petition, and the trial court summarily dismissed the petition. (*Id*. at PageID 346-49, 354-57). On appeal, Petitioner argued that the petition should not have been summarily dismissed because his indictments were constitutionally deficient and because his convictions were void due to an out-of-range sentence. *Avila-Salazar v. State*, No. M2014-01665-CCA-R3-HC, 2015 WL 739669, at *4 (Tenn. Crim. App. Feb. 20, 2015) (no perm. app.

filed). The Tennessee Court of Criminal Appeals affirmed the trial court's summary dismissal. *Id*. at *7. Petitioner did not file an application for permission to appeal in the Tennessee Supreme Court.

On June 10, 2015, Petitioner filed a second petition for writ of habeas corpus in Wayne County, Tennessee, where he was incarcerated. (Doc. No. 11-17 at PageID 406-16). Petitioner argued that his conviction for attempted aggravated rape was void because the judgment did not include the mandatory provision of community supervision for life and that Petitioner should be permitted to withdraw his plea agreement because the absence of community supervision was a material element of the agreement. *Salazar v. State*, No. M2016-01336-CCA-R3-HC, 2017 WL 2334880, at *1 (Tenn. Crim. App. May 30, 2017), *perm. app. denied* (September 21, 2017).

The Wayne County Circuit Court either was unaware that an amended judgment on the attempted aggravated rape conviction (purportedly) had been entered on the same day as the original judgments (on the felony murder conviction and the attempted aggravated rape conviction) or determined that no such amended judgment existed. The State likewise failed to note or acknowledge the amended judgment, conceding in the State's response to Petitioner's second habeas corpus petition that the attempted aggravated rape sentence was void on its face because "[a]bsent from the judgment is the mandatory condition of community supervision for life." (Doc. No. 11-17 at PageID 449).

Following an evidentiary hearing, the Wayne County Circuit Court determined that, because the record demonstrated that the illegal sentence was not a material element of the plea agreement, Petitioner was not entitled to withdraw his plea. *Id*. (*See* Doc. No. 11-17 at PageID 467-69). The court concluded that Petitioner's convictions "remain[ed] intact, and he [wa]s not entitled to withdraw his plea of guilty in this matter." *Id*. However, the court also found than the

7

omission of the mandatory community supervision for life sentence on the attempted aggravated rape judgment rendered the attempted aggravated rape conviction void. 2017 WL 2334880, at *1. (*See* Doc. No. 11-17 at PageID 467-68). The court transferred Petitioner's case to the Davidson County Criminal Court for entry of a corrected judgment to reflect the addition of community supervision for life. *Id*. (*See* Doc. No. 11-17 at PageID 468).

A certified copy of Petitioner's docket from the Davidson County Criminal Court dated May 25, 2023, submitted by Respondent, indicates that no such amendment to the judgment occurred. (*See* Doc. No. 12-1). And as discussed previously, the Davidson County Criminal Court Clerk's Office could not confirm on March 21, 2024 that such amendment occurred following the Wayne County Circuit Court decision.

Petitioner appealed the Wayne County court's decision. On appeal, the Tennessee Court of Criminal Appeals affirmed, finding that the trial court had properly (1) denied Petitioner's habeas corpus petition and (2) transferred the case to the convicting court for entry of a corrected judgment adding the condition of community supervision for life. *Avila-Salazar v. State*, No. M2016-01336-CCA-R3-HC, 2017 WL 2334880, at *3 (Tenn. Crim. App. May 30, 2017), *perm. app. denied* (Tenn. Sept. 21, 2017), *cert. denied*, 138 S. Ct. 998 (2018). The appellate court decision rested on the premise that Petitioner's original judgment for attempted aggravated rape did not contain the "X" in the box for lifetime community supervision and that no amended judgment had been entered on the same day as the original judgment. The Tennessee Supreme Court denied further discretionary review. (Doc. No. 11-27).

Petitioner thereafter filed a second petition for post-conviction relief on July 30, 2018 (later amended by counsel), alleging that he received ineffective assistance of counsel and, as a result, his pleas were entered unknowingly and involuntarily. (Doc. No. 11-28 at PageID 644-72,

8

700-01). Prior to an evidentiary hearing, the State offered to set aside the attempted aggravated rape conviction "'basically [as] a courtesy, not a legal requirement'" in an effort to settle the case; however, Petitioner declined this proposed resolution and sought to have both of his convictions set aside and his guilty plea withdrawn. *State v. Avila-Salazar*, No. M2019-01143-CCA-R3-PC, 2020 WL 241605, at *2 (Tenn. Crim. App. Jan. 15, 2020). The court conducted a hearing at which time the parties presented argument on whether both convictions should be set aside. The court dismissed the petition, holding that Petitioner did not meet one of the exceptions under state law that authorizes the filing of a second post-conviction petition. (Doc. No. 11-28 at PageID 708-11).

On appeal, Petitioner argued that the post-conviction court erred by dismissing the petition because it was not a second post-conviction petition and because his guilty pleas were not voluntarily, knowingly, and intelligently entered due to trial counsel's failure to advise him that he would be subjected to community supervision for life on the attempted aggravated rape conviction. *Avila-Salazar*, 2020 WL 241605, at *4. The Tennessee Court of Criminal Appeals held:

> Petitioner was not sentenced to community supervision for life at the time his first petition for post-conviction relief was decided. It would be unreasonable to expect Petitioner to have made the claim he makes in the 2018 Petition—that his guilty pleas were not entered voluntarily, knowingly, or intelligently because counsel was ineffective for failing to advise him that he would be subject to community supervision for life—before he was actually sentenced to community supervision for life, even if he was aware at an earlier date that his sentence was illegal. Petitioner's first meaningful opportunity to seek post-conviction relief on that claim arose when the trial court entered an amended judgment sentencing Petitioner to community supervision for life. Because the amended judgment imposed a new, more punitive sentence, the amended judgment and the original judgment are not a "single judgment" under Tennessee Code Annotated section 40-30-102(c). Therefore, the 2018 Petition was not a second petition for post-conviction relief filed attacking a single judgment.

9

*Id*. at *5. The court remanded for the trial court to consider his ineffective assistance of counsel claim. *Id*. Like its 2017 decision, this decision rested on the premise that the original judgment for attempted aggravated rape did not contain the "X" in the box for lifetime community supervision and that no amended judgment for attempted aggravated rape was entered on the same day as the original judgment.[4]

On remand, the post-conviction court vacated Petitioner's guilty plea to the attempted aggravated rape charge but upheld the plea as to second-degree murder conviction. (Doc. No. 11- 34 at PageID 795-98); *Avila-Salazar v. State*, No. M2020-01605-CCA-R3-PC, 2022 WL 1415709, at *5-*6 (Tenn. Crim. App. May 4, 2022), *perm. app. denied* (Tenn. Oct. 19, 2022). On appeal of that decision, Petitioner argued that the trial court erred by not vacating his guilty plea to second-degree murder because the absence of a sentence of community supervision for life in the original judgment was a material component of his overall plea agreement. *Id*. at *6. The State argued that the post-conviction court erred in vacating Petitioner's attempted aggravated rape conviction because Petitioner failed to prove he was prejudiced by trial counsel's alleged failure to advise him that he would be subjected to community supervision for life. *Id*. The Tennessee Court of Criminal Appeals reversed the judgment of the post-conviction court and reinstated the conviction and sentence for attempted aggravated rape, determining that

---

[4] Curiously, the appellate court noted: "The amended judgment in the record does not have a stamped filed date, and the 'date of entry' is the same as on the original judgment, September 6, 2006." 2020 WL 241605, at 5. It is possible that the Tennessee Court of Criminal Appeals was referring to the purported amended judgment for attempted aggravated rape that may have been entered on the same day as the original judgment. But because the appellate court also stated in its opinion that, "[a]s ordered, the Davidson County Criminal Court entered an amended judgment for attempted aggravated rape," *id.* at *2, it is possible the appellate court could have been referring to an amended judgment that may have been entered after the Wayne County decision. Additionally, the purported amended judgment dated September 6, 2006, that appears in some versions—but not others—of the underlying state-court record in Petitioner's case could have been backdated when entered by the Davidson County Criminal Court after the Wayne County Circuit Court transferred the case. However, the Davidson County Criminal Court Clerk's Office confirms that it would not be the customary practice of that court to backdate judgments unless a *nunc pro tunc* order was entered. The Court has not located a *nunc pro tunc* order in Petitioner's underlying state-court record.

Petitioner failed to show that, but for trial counsel's deficiency, he would not have pled guilty and would have proceeded to trial. *Id*. at *8. The Tennessee Supreme Court denied further discretionary review. (Doc. No. 11-45).

On March 2, 2023, the Clerk's Office received Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 in relation to the felony murder and attempted aggravated rape convictions.[5] (Doc. No. 1). On March 30, 2023, the Court ordered Respondent to file a response to the petition along with the state-court record. (Doc. No. 7 at PageID 41-42). Respondent filed a Notice of Filing Documents with what counsel determined was the relevant state-court record attached thereto on May 22, 2023. (Doc. No. 11). Respondent filed an Answer to the habeas petition on May 31, 2023. (Doc. No. 12).

Subsequently, Petitioner filed in this court a motion styled "Petition for Relief Under 28 U.S.C. § 2241 or in the alternative Motion to Hold Proceedings in *Avila-Salazar v. Perry*; No. 3:23-cv-00189 In Abeyance In Order To Allow Petitioner to Exhaust His Newly Initiated State Court Appellate Remedies." (Doc. No. 13). Respondent filed a Response in opposition. (Doc. No. 14). Petitioner then filed a "Motion to Show Cause as to True Current Status of His Pending State Proceedings and Motion to Show Cause as to Unexhausted Claims Petitioner is Attempting to Exhaust In His Pending State Proceedings" and a "Motion to Show Cause and Motion to Issue Certified Question of Tennessee Law Pursuant to Tenn. Sup. Ct. Rule 23". (Doc. Nos. 15, 16).

On June 27, 2023 ("the June 27, 2023 motion"), Petitioner filed a pro se motion in the Criminal Court for Davidson County, Tennessee, Division VI. (Doc. No. 18-1). By Order

---

[5] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that the petitioner filed his petition on February 22, 2023, the date he signed the petition (Doc. No. 1 at PageID 24), even though the Clerk of Court received and docketed the petition on March 2, 2023.

11

entered on August 14, 2023, Davidson County Criminal Court Judge Cynthia Chappell denied Petitioner's June 27, 2023 motion, finding that 1) Petitioner's request for relief under Tenn. R. Crim. P. 32(f) was untimely and moot; 2) to the extent Petitioner seeks post-conviction relief, the instant motion was a subsequent petition and therefore subject to dismissal; 3) the relief sought by Petitioner did not fall within any of the limited circumstances contemplated by Tenn. Code. Ann. § 40-30-117(a) for re-opening a post-conviction petition; 4) Petitioner raised no new actionable issues, has been given his meaningful opportunity to be heard on this matter, has been heard, and has exhausted his remedies as to this judgment; and 5) Petitioner's request to modify and reduce his sentence under Tenn. R. Crim. P. 25 was untimely. (Doc. No. 18-2). Petitioner appealed Judge Chappell's ruling to the Tennessee Court of Criminal Appeals, who affirmed the lower court's decision on August 9, 2024. The Tennessee Supreme Court declined to grant review on January 24, 2025.

On December 12, 2023, in the instant action, the Court ordered Respondent to file a response to Petitioner's motions. (Doc. No. 17). Respondent supplemented the state-court record (Doc. No. 18) and responded in opposition to Petitioner's motions. (Doc. Nos. 19, 20). The Court denied Petitioner's then-pending motions without prejudice. (Doc. No. 21). Petitioner subsequently filed his Motion to Compel. (Doc. No. 29).

### III. PETITIONER'S MOTION TO COMPEL

In his Motion to Compel (Doc. No. 29), Petitioner requests an evidentiary hearing "for the sole purpose[] of determining whether or not the actions of the Davidson County Court clerks office are reflective of fraud and deception with respect to Petitioner's Attempt Agg. Rape judgments actually being amended in September 2006." (*Id*. at PageID 1255).

The Court finds that Petitioner's concerns as set forth in his Motion to Compel, though inartfully stated,[6] are not without reason. The record before the Court and the Court's own research call into question the accuracy and/or completeness of Petitioner's underlying state-court record. The Court is aware of the considerably narrowed standard for granting an evidentiary hearing. *Schiro v. Landrigan*, 550 U.S. 465 (2007). Petitioner, however, is not seeking an evidentiary hearing of the nature sought in typical habeas cases.

It is the opinion of the Court that it cannot, in good faith, proceed with a review of Petitioner's federal habeas petition on the record provided by Respondent when the authenticity of that underlying state-court record is questionable, particularly when issues of timeliness and procedural default are inextricably intertwined with the date of entry of an amended judgment reflecting lifetime supervision for Petitioner's attempted aggravated rape judgment, if such amended judgment was, in fact, entered at all. The Court has attempted to resolve these issues without a hearing. That resolution has proven fruitless.

Importantly, Petitioner's request for a hearing is not an attempt to expand the state-court record. Thus, *Pinholster*'s holding that a federal court's review of a state court decision under 28 U.S.C. 2254(d)(1) is strictly limited to "review of the state court record" is not on point. *See Cullen v. Pinholster*, 563 U.S. 170 (2011). Neither is Petitioner asking for the Court to allow him to "develop and consider new evidence." *Shoop v. Twyford*, 596 U.S. 811, 819 (2022) (noting that, under the AEDPA, "[r]eview of factual determinations under § 2254(d)(2) is expressly limited to 'the evidence presented in the State court proceeding.'") (citing *Pinholster*, 563 U.S. 170)). Petitioner simply asks that, before proceeding with its review of his federal habeas petition, the Court ensures that the underlying state-court record is accurate, complete, and

---

[6] To be clear, the Court's determination that Petitioner's concerns about the completeness, accuracy, and authenticity of the underlying state-court record are reasonable does not mean that the Court endorses Petitioner's assertion that any Davidson County Criminal Court Clerk's Office employee acted fraudulently or deceptively.

authentic. This is not an unreasonable request, given the evidence and argument before the Court.

As it stands, counsel for Respondent relies on documents that the Davidson County Criminal Court, to date, has not accounted for in its minute book and electronic files. And without any explanation from the Davidson County Criminal Court Clerk, to proceed without a resolution of the elephant in the room, so to speak, seems ill advised. *Cf. Benson v. Smith*, No. 2:24-cv-03771, 2025 WL 372978, at *2 (S.D. Ohio Feb. 3, 2025) (where the respondent had redacted items in the state-court record provided to petitioner, court denied petitioner's request to receive unredacted documents when "the Court ha[d] no reason to doubt the veracity" of the documents).

Therefore, in this very limited circumstance of a dispute of this nature regarding the accuracy, completeness, and authenticity of the underlying state-court record on which lower courts as well as the Tennessee Court of Criminal Appeals have relied throughout the course of Petitioner's underlying state-court criminal proceedings,[7] the Court **GRANTS** Petitioner's request for a hearing on this matter (Doc. No. 29).[8]

The scope of the hearing will be limited to resolving the question of if and when an amended judgment was entered on Petitioner's attempted aggravated rape conviction and, if entered, by whom and under what circumstances. Respondent is **DIRECTED**, within 30 days, to provide the Court with a list of witnesses who possess or may possess information relevant to

---

[7] *Cf. Jefferson v. Ohio*, No. 3:18-cv-00779, 2019 WL 9359722 (N.D. Ohio May 15, 2019) (denying petitioner's motion to expand the record where there was "no indication that the various records that Jefferson seeks to have included in the record before this Court were presented to the state court or that Jefferson sought to have the records considered by the state court.") *Id*. at *4. Here, it is undisputed that the purported amended judgment was presented to more than one state court who relied on it in rendering a decision and that Petitioner sought to have an amended judgment considered by at least one state court who did not consider it.

[8] Titled as a Motion to Compel, the motion asks the Court to compel a hearing.

14

Case 3:23-cv-00189    Document 30    Filed 02/28/25    Page 14 of 15 PageID #: 1276

resolving the issues at hand. If necessary, the Court will enter an order facilitating the attendance of those individuals at a hearing. The hearing will be scheduled forthwith.

    It is so **ORDERED**.

                                                _____
                                                WILLIAM L. CAMPBELL, JR.
                                                CHIEF UNITED STATES DISTRICT JUDGE